**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| In re:<br><br>KWAME CINQUE NKRUMAH,<br><br>*Debtor* | Case No.: 21-30912 (AMN)<br>Chapter 11<br><br>Re: ECF Nos. 105, 106, 107 |
|---|---|

**MEMORANDUM OF DECISION AND ORDER DENYING MOTION**
**TO REOPEN CHAPTER 11 CASE FOR PURPOSE OF**
**OBTAINING PROSPECTIVE STAY RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

Self-represented creditor Robert E. Artis (the "Movant") filed three motions in this closed Chapter 11 bankruptcy case, including a motion to reopen the case, a motion to waive the $1,167 fee, and a motion to then dismiss the case after obtaining *in rem* relief pursuant to 11 U.S.C. § 362(d)(4). ECF Nos. 105 (the "Motion to Reopen"), 106 (the "Fee Waiver"), 107 (the "362(d)(4) Motion") (collectively the "Motions"). Movant's goal appears to be obtaining prospective relief from the automatic stay, for two years, to prevent the automatic stay from shielding real property known as 216 Spring Street, New Haven, Connecticut (the "Property") alleged to be owned by Kwame Cinque Nkrumah (the "Debtor"). Relief under Bankruptcy Code § 362(d)(4) would prevent the automatic stay from affecting the Property, even if it is transferred to another person and that person files a future bankruptcy case. Importantly, this type of future *in rem* relief is limited to a period of two years after the court enters an order granting relief under Bankruptcy Code § 362(d)(4). 11 U.S.C. §§ 362(d)(4), 362(b)(20).

Waiver of Filing Fees

Movant's Fee Waiver references "Bankruptcy Code Section 1930." ECF No. 106 at 1. Although no such section of the Bankruptcy Code (Title 11 of the United States Code)

exists, the Court infers that Movant likely intends to reference 28 U.S.C. § 1930(f). However, this section does not provide a mechanism to waive the filing fee for motions to reopen Chapter 11 cases. Section 1930(f) only provides a mechanism for waiving filing fees "payable to the clerk upon the commencement of a case under Chapter 7" and requires that Movant show he "has income less than 150 percent of the income official poverty line." 28 U.S.C. § 1930(f). Even if § 1930(f) applied to Chapter 11 cases, Movant has not provided any evidence as to his income. In fact, the Fee Waiver makes no argument whatsoever with respect to why a fee waiver is appropriate in this case. Accordingly, 28 U.S.C. § 1930 provides no authority for a waiver, and this Court has no authority to waive the filing fee for the Motion to Reopen or the 362(d)(4) Motion. For those reasons, the Fee Waiver will be denied.

## Movant's Purpose in Seeking to Reopen the Case

Movant seeks to reopen this Chapter 11 case, which was dismissed in early 2022 and closed on March 11, 2022, to obtain *in rem* relief from the automatic stay pursuant to 11 US.C. § 362(d)(4). Movant argues "numerous filings" by the Debtor and members of his family indicate an abuse of the bankruptcy system, hindering Movant's efforts to foreclose on the Property. The Court interprets the Motions as asserting that the Debtor is engaged in a scheme to delay, hinder, or defraud Movant's foreclosure efforts within the meaning of Bankruptcy Code § 362(d)(4)(B) and that this alleged scheme constitutes "other cause" within the meaning of Bankruptcy Code § 350(b).

## Standard to Reopen a Closed Bankruptcy Case

Section 350(b) of the Bankruptcy Code establishes that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. §

350(b). The Bankruptcy Court's Local Rules provide that, "[a]ny substantive motion filed with the Motion to Reopen may not be acted upon unless and until the Motion to Reopen is granted." D.Conn.Bankr.L.R. 5010-1(b); *see also In re Levy*, 2018 WL 1579888, at *2 (Bankr. D. Conn. Mar. 29, 2018) (holding that the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of any requested order). Accordingly, the Court cannot act on the 362(d)(4) Motion unless and until the Motion to Reopen is granted.

"Cause" Under 11 U.S.C. § 350(b)

Because Movant does not seek to have assets administered or to accord relief to the Debtor, Movant must establish "other cause" for relief under Bankruptcy Code § 350(b). Although the Bankruptcy Code does not define "cause," the decision to reopen or not is left to the discretion of the court, which may consider numerous factors, including equitable concerns. *Batstone v. Emmerling (In re Emmerling),* 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997). "A bankruptcy judge's decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) shall not be disturbed absent an abuse of discretion." *Harbour Trust Co. v. Aaron (In re Plusfunds Group, Inc.)*, 589 F. App'x 41, 42 (2d Cir. 2015) (*citing Smith v. Silverman (In re Smith)*, 645 F.3d 186, 189 (2d Cir. 2011)).

Factors courts should consider when deciding to reopen a bankruptcy case include:

(1) the length of time that the case was closed;

(2) whether a non-bankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case;

(3) whether in prior litigation the bankruptcy court determined that a state court would be the appropriate forum;

(4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen;

(5) the extent of the benefit to the debtor by reopening; and

(6) whether it is clear at the outset that no relief would be forthcoming by granting the motion to reopen.

*In re Solutia, Inc.,* 653 B.R. 99, 113 (Bankr. S.D.N.Y. 2023) (*citing In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y 2013)).

<u>Timeliness of Motion to Reopen</u>

The most influential factor to the Court in this case is the length of time since the case was closed. Although there is no deadline under the Bankruptcy Code within which to file a motion to reopen pursuant to § 350(b), "[t]he longer the time between the closing of the estate and the motion to reopen . . . the more compelling the reason for reopening the estate should be." *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991) (*citing Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962)); *accord Bank of America, N.A. v. Rodriguez*, 558 B.R. 945, 949 (S.D. Fla. 2016); *Brown v. UAL Corp. (In re UAL Corp.)*, 809 F.3d 361, 364 (7th Cir. 2015); *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538, 543 (8th Cir. 2005). Here, Movant seeks to reopen this case more than two years after it was closed, and so faces a very high burden to establish that this case should be reopened. ECF No. 104.

Further, all the facts Movant asserts as the basis for the 362(d)(4) Motion not only could have but should have been presented as part of his original Motion for Stay Relief (ECF. No. 28) in this case. Certainly, they should have been raised earlier than two and a half years after this case was closed. *e.g. In re Waldo*, Docket No. 08-23583, 2019 Bankr. LEXIS 3918, at *9 (Bankr. D. Utah Dec. 30, 2019) (holding under similar factual circumstances that, where movant could have raised all the same relevant factual

positions at the time of dismissal, the court could not reopen for those reasons after years had passed by).

### Two Year Scope of *In Rem* Relief Under 11 U.S.C. § 362(d)(4)

Pursuant to § 362(d)(4), the Court may provide *in rem* relief to a creditor, ordering that the automatic stay not go into effect regarding specific real property upon a subsequent bankruptcy filing by someone in the chain of title of the real property.

> [I]f the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved … (B) multiple bankruptcy filings affecting such real property. … [A]n order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court.
> 11 U.S.C. § 362(d)(4).

Were the Court to reopen this case and grant the § 362(d)(4) Motion, such relief would be limited to a period of two years, presumably two years from when the case was last pending. Importantly, the relief Movant seeks would effectively give Movant the ability to affect the Property for a period of approximately four and a half years after this case was first closed in 2022; because any relief would be effective for two years after the date of the order granting the 362(d)(4) Motion, *i.e.* late 2026. This is far beyond what Movant would have been able to obtain were the relief sought at the time of dismissal. Indeed, had Movant sought such relief while the case was pending, the two-year period would have already expired.

### Facts Supporting the 362(d)(4) Motion

Next, and of dispositive importance in this case, is the factor which considers whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen. In support of the 362(d)(4) Motion, Movant points to:

- Two bankruptcy filings by the Debtor, one in 2016 and this 2021 case
- One filing by the Debtor's sister in 2012
- One filing by the Debtor's mother in 2023, and
- Three filings by the Debtor's wife in 2018, 2019, and 2024

Movant has provided no evidence these individuals are related to the Debtor, nor what their specific relationships may be.  However, for argument's sake, the Court will assume they are related to the Debtor as described in the Motions.

Standard to Grant <em>In Rem</em> Relief Under 11 U.S.C. § 362(d)(4)

Were the Court to reopen this case to consider Movant's request for *in rem* relief pursuant to § 362(d)(4), the Court would need to determine if the Debtor filed the petition as part of a "scheme to delay, hinder or defraud creditors that involved either— (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property."  11 U.S.C. § 362(d)(4).

In doing so, Courts may also consider the timing and sequence of the filings and a debtor's efforts to prosecute the pending case. *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014).  A bankruptcy court can infer an intent to hinder, delay, and defraud creditors and the mere timing of filing of several bankruptcy cases is an adequate basis from which a court can draw that inference, without holding an evidentiary hearing. *In re Procel*, 467 B.R. 297, 308 (Bankr. S.D.N.Y. 2012) (*quoting In re Blair*, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. Dec. 21, 2009)).

However, the mere existence of seven bankruptcy filings across four individuals, over 12 years, is not clearly indicative of a scheme to hinder or delay Movant without more.  Bankruptcy Code § 362(d)(4) requires both that there are multiple bankruptcy filings affecting real property and that the court find there is evidence the bankruptcy filings

were part of a "scheme." 11 U.S.C. § 362(d)(4); *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014) (To grant relief under § 362(d)(4)(B), the Court must find that the Debtor's bankruptcy filing is part of a scheme to hinder, delay, or defraud.)

"[A] scheme warranting § 362(d)(4) relief implies a level of insidiousness or deceitfulness." *In re Sterling*, 543 B.R. 385, 394 (Bankr. S.D.N.Y. 2015). "By requiring that the filing of the petition must be part of a scheme to hinder, delay or defraud a creditor that involves either an unauthorized transfer of the property or multiple bankruptcy filings affecting the property, section 362(d)(4) addresses conduct that could be indicative of an abusive bankruptcy filing." 3 Collier on Bankruptcy P 362.05 (16th 2024). Importantly, the Court has observed during past hearings with Movant in several of these cases that the Property has been titled only in the name of the Debtor, according to the New Haven Tax Assessor, since 2021.[1] Any purported stay affecting the Property by the bankruptcy cases filed by other individuals since 2021 is, therefore, solely the result of Movant having named those individuals in the state court foreclosure action. Accordingly, both cases Movant points to which were filed after this case have no relationship to any alleged "scheme" by the Debtor in this case. Thus, all the relevant factual allegations in the Motions were known to Movant at the time this case was dismissed and could have been asserted at that time. However, even if those cases were relevant to this Court's analysis, the result would be the same.

Although the Court dismissed Case No. 23-30476, filed by the Debtor's mother, with a one-year prejudice period, the Court has not made such findings in any of the other cases cited in the Motions. Case No. 23-30476, ECF Nos. 95, 97. Notably, the most

---

[1] See, https://perma.cc/DW7P-QLMC (last checked Nov. 7, 2024).

recent case cited in the Motions, Case No. 24-30426, was filed under Chapter 7 of the Bankruptcy Code and ultimately resulted in a discharge being entered on August 30, 2024.  Case No. 24-30426, ECF No. 52.  In addition, Case Nos. 12-30663 and 16-30323 also resulted in a discharge being entered for the respective debtors in those cases.  Case No. 12-30663, ECF No. 14; Case No. 16-30323, ECF No. 9.  Where these three cases, including the most recent case filed, all resulted in discharge orders being entered for the various debtors, they weigh against a finding that they were filed as part of a "scheme" by this Debtor, and do not support the inference that this case was filed with some 'insidious purpose' within the scope of § 362(d)(4)(B).

This 2021 case is presently closed and imposes no stay against Movant's foreclosure efforts.  Similarly, the most recent case cited in the Motions, Case No. 24-30426, was terminated on August 30, 2024, after entry of discharge.  Accordingly, there is presently no bankruptcy stay preventing Movant from proceeding to foreclose the mortgage he holds on the Debtor's Property.[2]

"[T]he language [in section 362(d)(4)] was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors…" 3 Collier on Bankruptcy ¶ 362.05[19][a].  Considering the totality of the circumstances, The Court has not been provided with a sufficient evidentiary record at this time to conclude that this bankruptcy filing was intended to be part of "a scheme to delay, hinder, or defraud" Movant.

"[I]t is clear at the outset that no relief would be forthcoming by granting the motion to reopen" because Movant has not set forth a sufficient legal basis for the Court to grant

---

[2] The Court notes again however that Case No. 24-30426 did not impose a stay against Movant's foreclosure of the Property, because the debtor there was not on the title to the Property when the case was filed, and so any impact by that case appears to be solely the result of Movant's own actions.

prospective stay relief under 11 U.S.C. § 362(d)(4)(B). Accordingly, there is also not sufficient "cause" to reopen this case pursuant to 11 U.S.C. § 350(b). Importantly, the Court cannot find, and Movant has not offered, any authority to support that the Court may - at any time – re-open a long-ago closed case for the purpose of providing prospective relief under § 362(d)(4). Because the Court cannot grant such relief here, the 362(d)(4) Motion is moot.

However, nothing in this Memorandum of Decision precludes § 362(d)(4) relief, should another bankruptcy case affect Movant's rights with respect to the Property in the future. All other arguments were considered and determined to be without merit.

Accordingly, it is hereby

**ORDERED**: The Fee Waiver (ECF No. 106) is DENIED. It is further

**ORDERED**: The Motion to Reopen (ECF No.105) is DENIED. It is further

**ORDERED**: The 362(d)(4) Motion (ECF No. 107) will not be acted upon as "[a]ny substantive motion filed with the Motion to Reopen may not be acted upon unless and until the Motion to Reopen is granted."[3]

Dated this 21st day of November, 2024, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut

---

[3] D.Conn.Bankr.L.R. 5010-1(b).